UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LONNIE L. JOHNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>THE STANDARD FIRE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C22-5513 BHS<br><br>ORDER |

This matter comes before the Court on Plaintiff Lonnie L. Johnson's Motion to Remand. Dkt. 6. Johnson contends that Defendant The Standard Fire Insurance Company did not timely file its notice of removal. However, because Standard Fire timely removed the action within 30 days of it first being able to ascertain that the amount in controversy exceeded $75,000, the motion to remand is denied.

## I. BACKGROUND

Johnson is a resident of Washington. Dkt. 1-9, ¶ 1. She is insured under a Standard Fire insurance policy that provides underinsured motorist ("UIM") coverage. *Id.* ¶ 3. The policy has a limit of $100,000. *Id.*

ORDER - 1

1    Johnson sustained injuries in a motor vehicle collision. *Id.* ¶ 5. She incurred
2    medical expenses, wage losses, and leave losses exceeding $77,556 in total. *See id.* ¶ 6.
3    The insurer of the at-fault party to the collision paid Johnson its policy limit of $50,000.
4    *Id.* ¶¶ 7–8. Johnson also submitted a UIM claim to Standard Fire, but Standard Fire did
5    not pay. *See id.* ¶¶ 10–11.
6    Johnson sued Standard Fire in Clark County Superior Court, alleging that she and
7    Standard Fire "dispute" the amount owed to her under the UIM policy. Dkt. 1-2, ¶ 10.
8    Johnson sought general damages, special damages, attorneys' fees, and costs. *Id.* at 4. On
9    April 4, 2022, Johnson served Standard Fire with this complaint. Dkt. 7, ¶ 8.
10   On May 19, 2022, Johnson served Standard Fire with an amended complaint,
11   alleging bad faith and violations of the Insurance Fair Conduct Act ("IFCA"), RCW
12   48.30.015. *Id.* ¶ 9. However, the following day, Johnson's attorney sent Standard Fire's
13   attorney an e-mail, which stated: "Ignore the amended complaint. We did not give proper
14   notice, and we had the court reject the filing." Dkt. 10-1 at 2. Johnson withdrew the
15   amended complaint. Dkt. 7, ¶ 9.
16   On June 28, 2022, Johnson refiled the amended complaint, which again alleged
17   bad faith and violations of IFCA. Dkt. 1-9. In addition to the damages sought in her
18   original complaint, Johnson sought "legal fees, trebled damages, nonmonetary damages,
19   and all remedies available under IFCA." *Id.* at 4. On July 15, 2022, Standard Fire
20   removed the case to federal court on the ground of diversity jurisdiction. Dkt. 1.
21   Johnson does not dispute that there is diversity of citizenship or that the amount in
22   controversy exceeds $75,000. Instead, she moves to remand on the basis that Standard

Fire did not timely remove the action. Dkt. 6 at 2. She contends that Standard Fire did not remove the action within 30 days of receiving the amended complaint on May 19, 2022. *Id.* at 3–4. Alternatively, she claims that removal was untimely because the case was removable when the original complaint was filed on March 28, 2022. *Id.* at 4–6.

Standard Fire responds that the action became removable on June 28, 2022—the date that Johnson refiled the amended complaint. Dkt. 9 at 7. Therefore, Standard Fire argues, it timely removed the action 17 days later on July 15. *Id.* Standard Fire also contends that the case as stated in the original complaint was not removable because it could not ascertain from that complaint that the amount in controversy exceeded $75,000. *Id.* at 4–5.

## II. DISCUSSION

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the party asserting federal jurisdiction has the burden of establishing that removal is proper. *Id.* As such, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Id.* at 567.

Under 28 U.S.C. § 1446(b), a case may be removed under two different 30-day windows. The first requires a party to file the notice of removal within thirty days of the

1 shorter of the receipt of the initial pleading or summons. 28 U.S.C. § 1446(b)(1). "If no
2 ground for removal is evident in the initial pleading, the second thirty-day window to
3 remove an action commences when the defendant receives 'an amended pleading,
4 motion, order or other paper' from which it can be ascertained from the face of the
5 document that removal is proper." *Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-
6 SKO, 2015 WL 164592, at *3 (E.D. Cal. Jan. 13, 2015) (quoting 28 U.S.C. § 1446(b)(3)).

7       Johnson contends that Standard Fire did not timely remove the action within 30
8 days of receiving the amended complaint on May 19, 2022. Dkt. 6 at 3–4. But the
9 following day, Johnson informed Standard Fire to ignore the amended complaint because
10 she filed it without giving proper notice. Dkt. 10-1 at 2. Johnson also withdrew the
11 amended complaint. Dkt. 7, ¶ 9. As a result, it no longer functioned as the operative
12 complaint, and it could not be used to support removal. *See Chavez v. JPMorgan Chase
13 & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy is
14 determined by the complaint operative at the time of removal."). Rather, the amended
15 complaint did not support removal until Johnson refiled it—and Standard Fire became
16 aware of its refiling—on June 28, 2022. *See* Dkt. 1-9. Accordingly, Standard Fire timely
17 removed the action.

18       Johnson also asserts that Standard Fire did not timely remove the action within 30
19 days of receiving the original complaint. Dkt. 6 at 4–6. However, whether the amount in
20 controversy exceeded $75,000 was not ascertainable from the original complaint. The
21 original complaint alleged that Johnson and Standard Fire "dispute[d]" the amount owed
22 to her under the UIM policy. Dkt. 1-2, ¶ 10. It further alleged that Johnson incurred

medical expenses, wage losses, and leave losses exceeding $77,556 in total, *see id.* ¶ 6, but that the insurer of the at-fault party to the collision paid Johnson its policy limit of $50,000. *Id.* ¶¶ 7–8. Johnson sought general damages, special damages, attorneys' fees, and costs. *Id.* at 4. In short, what could be ascertained from the original complaint was that the amount in controversy exceeded $27,556. This falls far short of the jurisdictional requirement.

### III.  ORDER

Because Standard Fire timely removed the action, removal was proper. Accordingly, Plaintiff Lonnie L. Johnson's Motion to Remand, Dkt. 6, is **DENIED**.

Dated this 4th day of October, 2022.

BENJAMIN H. SETTLE
United States District Judge